UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SANTINA SUMPTER,**

       **Plaintiff,**                                  Case No.
                                                      Hon.

**v.**

**ESTATE OF JACOB THEADORE BEST,**

       **Defendant.**

_____

| P. David Palmiere (P26796)<br>Attorney for Plaintiff<br>PO Box 980<br>Bloomfield Hills, MI  48303-0980<br>(248) 225-9952<br>\<pdppc@comcast.net\> | Connor Ferrick (P47916)<br>Co-Counsel for Plaintiff<br>50 W. Big Beaver Rd. Suite 135<br>Troy, MI  48084<br>(248) 526-5000<br>\<cferrick@theferricklawfirm.com\> |
|---|---|

_____

**COMPLAINT FOR DECLARATORY JUDGMENT
PURSUANT TO 28 U.S.C. §2201**

**A.  JURISDICTION AND VENUE**

      1.      Plaintiff Santina Sumpter is a resident of the City of Petoskey, Michigan, and is otherwise subject to the jurisdiction of this Honorable Court.

      2.      Defendant Estate of Jacob Theadore Best is a lawful unincorporated entity legally created under the laws of Tasmania, Australia, with principal place of business in Tasmania, Australia and otherwise subject to the jurisdiction of this Honorable Court.

      3.      The amount in controversy in this action is $1,266,793.41.

      4.      Jurisdiction is proper in this Court due to the complete diversity of citizenship between plaintiff and defendant, 28 USC §1332, and because the amount in controversy exceeds the sum of $75,000 exclusive of costs and fees.

5.     A substantial part of the events or omissions giving rise to the claim herein occurred in this District, and a substantial part of property that is the subject of this action, in the form of judgment rights from prior adjudications in Michigan courts, is situated in this District, and venue is proper in this District, 28 USC §1391(a)(2).

## B.  STATEMENT OF CLAIM FOR DECLARATORY JUDGMENT

6.     Plaintiff has been advised, and believes, that under the law of the State of Tasmania, Country of Australia, she cannot obtain collection of the sums specified herein unless she first secures a declaratory judgment from a United States District Court and registers the same with the State of Tasmania, Country of Australia; moreover, since the United States is not a "Recognised Reciprocating Jurisdiction under the Registration of Foreign Judgments Act 1991 (Commonwealth of Australia)", such registration requires that such a judgment be presented to and subject to an order for registration from a Justice of the Supreme Court in Tasmania, Australia.

7.     On April 28, 1995, Santina M. Sumpter was granted a Judgment of Divorce from her then-husband, Jerry L. Sumpter, in the Circuit Court for the County of Wayne, State of Michigan, Case No. 94-417437 DO ("the divorce judgment") (Exhibit A - - Judgment of Divorce).

8.     The divorce judgment contained a provision mandating that Jerry L. Sumpter pay spousal support to Plaintiff herein, for a fixed period of 10 years, from May 1, 1995 through and including April 1, 2005, at the rate of $5,000 per month, plus surcharges and Michigan state judgment interest, for a total at the time of this complaint of $977,811.77, all of which is presently due and payable

9. On or about June 22, 2005, Plaintiff received an Order from the Wayne County Circuit Court in the divorce action, renewing the judgment for a period of an additional ten (10) years, which period has not yet elapsed. (Exhibit B - - Order Renewing Judgment of Divorce).

10. The divorce judgment further provided that the issue of plaintiff's petition for attorney's fees was reserved; that issue was resolved in the Wayne County Circuit Court by Order of May 10, 1996, which awarded and reduced to judgment attorney fees to be paid by defendant for plaintiff in the sum of $247,323.98, which with the addition of Michigan statutory judgment interest (MCL 600.6013) through the date of filing this complaint represents a total now due and owing of $288,981.64

11. Summing the amounts in Paragraphs 8 and 10, as of the filing of this complaint, the total amount due and owing to plaintiff pursuant to the judgment of divorce is $1,266,793.41.

12. On or before November 1995, Plaintiff's former husband, Jerry L. Sumpter, left the United States and became a resident of Mount Maunganui, New Zealand

13. On or about October 13, 1997, while a resident of Mount Maunganui, New Zealand, Jerry L. Sumpter applied for and was granted a change of name, and . thereafter he was known as Jacob Theadore Best. (Exhibit C - - Change of Name by Statutory Declaration).

14. In or around June, 2001, Jerry L. Sumpter, a/k/a Jacob Theadore Best, moved to and became a resident of Tasmania, Australia, where on February 16, 2009, while still a resident of Tasmania, he died, without having paid any part of the

3

indebtedness to plaintiff described in this complaint, which indebtedness became a debt of his estate upon his death.  (Exhibit  D - - Death Certificate).

15.     Upon information and belief, Jerry L. Sumpter a/k/a Jacob Theadore Best left an estate upon his death, which is the Defendant in this action, inclusive of real and personal property, which estate is located and administered in Tasmania, Australia, and which estate has failed and refused to recognize or to pay to Plaintiff any part of the indebtedness of Jerry L. Sumpter a/k/a Jacob Theadore Best, creating a case or controversy ripe for adjudication by declaratory judgment.

16.     Plaintiff's Australian counsel, the firm of Clerk, Walker, has conferred with the Tasmanian Attorney General's Department to determine how Plaintiff's judgment might be registered and enforced in Australia, and was advised that a Declaratory Judgment from a United States Federal District Court, on the terms sought below, is necessary before Plaintiff's judgment can be registered and enforced in Tasmania.

## C.  PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS that this Honorable Court shall enter a declaratory judgment specially finding the facts and declaring the rights of the parties as follows:

A.  That a Judgment of Divorce was granted to Santina Sumpter as plaintiff against Jerry Lee Sumpter, as defendant, on April 28, 1995, by the Honorable William Giovan of the Michigan 3rd Judicial Circuit (Wayne County Circuit Court).

B.  That on June 22, 2005, by Order of the Honorable William J. Callahan of the Michigan 3rd Judicial Circuit (Wayne County Circuit Court), the Judgment of Divorce initially entered on April 28, 1995 was renewed, and as of October 31, 2010 that judgment remains valid and enforceable.

C.  That in or around November, 1995, the said Jerry Lee Sumpter moved to and became a resident of Mount Maunganui, New Zealand, where pursuant to a statutory declaration dated October 13, 1997, the said Jerry Lee Sumpter legally

changed his name to Jacob Theadore Best, said persons being one and the same.

D.  That in or around June, 2001, Jerry Lee Sumpter a/k/a Jacob Theadore Best moved and became a resident of Tasmania, Australia, where he died on February 16, 2009, leaving an estate that is liable for his debts at the time of his death.

E.  That (1) the Michigan judgment of divorce awarded Plaintiff Santina Sumpter spousal support for a 10-year fixed term, at the rate of Five Thousand Dollars ($5,000.00) per month, plus statutory fees and surcharges, but reserved the issue of attorney fees; and (2) that on May 10, 1996, an order was entered by the Wayne County Circuit Court awarding said attorney fees; and (3) that said awards have accrued interest from and after the date of each award, pursuant to MCL 600.6013; and (4) that under the rights granted by law both here and in Tasmania, there is a present balance due and owing from the present defendant, to plaintiff, in the amount of One Million Two Hundred Sixty-Six Thousand Seven Hundred Ninety-Three and 41/100 Dollars ($1,266,793.41).

F.  Making such other findings and granting such other relief as the Court shall find consistent with equity and good conscience.

> Respectfully submitted,
>
> */s/ P. David Palmiere*
> P. David Palmiere (P26796)
> PO Box 980
> Bloomfield Hills, MI  48303-0980
> (248) 225-9952
> <pdppc@comcast.net>
>
> */s/ Connor Ferrick*
> Connor Ferrick (P47916)
> Co-Counsel for Plaintiff
> 50 W. Big Beaver Rd. Suite 135
> Troy, MI  48084
> (248) 526-5000
> <cferrick@theferricklawfirm.com>

Dated: November 24, 2010